UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

ANGEL LUIS BACALLAO MONTES DE OCA,

Petitioner,

v.

WARDEN, EDEN DETENTION CENTER,

Respondent.

No. 6:26-CV-00155-H

**ORDER**

Petitioner Angel Luis Bacallao Montes de Oca, a self-represented immigrant detainee, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention in the Eden Detention Center. Dkt. No. 1. He seeks release from detention pending resolution of his removal proceedings, alleging that detention violates his rights under the Due Process Clause of the U.S. Constitution.

Respondent filed a response along with relevant records, urging the Court to deny the petition. Dkt. Nos. 10, 11. Respondent contends that Petitioner is subject to mandatory detention as an arriving alien and applicant for admission under 8 U.S.C. § 1225, so he is ineligible for release. Respondent also argues that Petitioner's detention pending his removal proceedings does not otherwise offend the Due Process Clause. Petitioner filed a reply, reasserting his claims. Dkt. No. 12.

The Court has reviewed Petitioner's pleadings, Respondent's response with the attached records, and Petitioner's reply. Based upon the facts and the law set forth in Respondent's response and supported by the relevant records, the Court finds that Petitioner is not entitled to federal habeas relief. The Court consistently has found, in cases indistinguishable from this one,

that applicants for admission like Petitioner are properly detained without bond under Section 1225, and that the Fifth Amendment does not require a bond hearing or release.[1] *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

Petitioner argues that due process entitles him to a bond hearing. A binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, Nos. 26-50183, 26-50219, & 26-50221, Dkt. No. 199-1 (5th Cir. July 22, 2026).[2] Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances. *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723–26 (N.D. Tex. 2026); *Garibay-Robledo*, 814 F. Supp. 3d at 759–60.

Petitioner also argues that his health is deteriorating due to his prolonged incarceration. To the extent that this argument is independent of the due-process claim, the Court lacks jurisdiction to consider it in this habeas proceeding. Petitioner is not entitled to habeas relief. Any pending motions are denied.

So ordered.

The Court will enter judgment accordingly.

Dated October 22, 2026.

JAMES WESLEY HENDRIX
United States District Judge

[1] *See, e.g.*, *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747 (N.D. Tex. 2026); *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Zuniga v. Lyons*, 814 F. Supp. 3d 685 (N.D. Tex. 2025).

[2] The Fifth Circuit had previously vacated the original panel opinion in *Sosnava Rodriguez*, which held that the Due Process Clause required a bond hearing within 90 days of detention. *See* Nos. 26-50183, 26-50219, & 26-50221, Dkt. Nos. 174; 176 (5th Cir. July 10, 2026). The motion for stay specifically sought relief as a precedential matter to foreclose relief beyond the consolidated cases pending in *Sosnava Rodriguez*. Nos. 26-50183, 26-50219, & 26-50221, Dkt. No. 178-1.